Good morning, Your Honors, and may it please the Court, my name is Corey Lovato, counsel for Appellant Dwight Stirling, whom I will be referring to as Dr. Stirling due to his newly acquired Ph.D. in education. I would like to reserve three minutes of my time for rebuttal, but will, of course, keep my eye on the clock. Now, in addition to answering any questions that Your Honors may have this morning, I would like to cover two substantive areas. First, I would like to add a little bit of context to Mr. Minasian's practice and explain why it is that he should be a member of the California State Bar. And second, I would like to expand upon the notion that the United States is not a real party in interest to this matter. To begin, Mr. Minasian practices in a state agency, the California Military Department, under state law, the California Military and Veterans Code. In that capacity, he serves in the Trial Defense Service, or TDS, in which he represents National Guard service members serving under Title 32, accused of wrongdoing in States Courts Martial. These are conducted under state law in State Courts as codified under 32 USC Sections 326 and 327, and as the State Courts are established under California Military and Veterans Code, Sections 450 to 474. This is reflected in Mr. Minasian's declaration on pages 39 through 40 of the excerpts of record, lines 28 through 4, in which he states, when detailed pursuant to Rule 502.1D1 of the California Manual for Courts Martial, I defend uniformed military personnel subject to adverse actions. I'm sorry. Can I just interrupt with a question about this? So I think your point about this is that he should be not considered something other than a Federal officer. I guess he's a State lawyer, and you're trying to argue that. Yes. But when he's operating in the JAG program, isn't he at least operating under the direction and control of a Federal officer running the JAG program? No, Your Honor. Why not? Well, again, in his declaration, Mr. Minasian cites Rule 502.1D1 of the California Manual for Courts Martial. That rule, 502.1D1, states, quote, only persons deemed qualified by the state staff judge advocate to perform the necessary duties as counsel in State Courts Martial may be detailed as defense counsel or associate defense counsel in general or special courts martial or as trial courts general in general. Let me ask you a question, though. Assuming that's true, I believe the record establishes that he is both a JAG attorney for the California National Guard and a JAG attorney for the Federal National Guard. Isn't that correct? No, Your Honor. He is only in a State status. But isn't he attorney also for, he has dual status because he could be, he could be a State attorney for the Federal National Guard. He could be ordered in combat or he could be, the obligation is, I believe Colonel Rieger said, he has a dual obligation. The second obligation is that in supervising him, he had an obligation to make sure that when he is, or he is deployed, that he is capable of being deployed. So he would have, and I'm, I am analogizing this to Pro Hoc Vitae. If an attorney who is an attorney from, let's say, who is authorized to practice in Tennessee comes before me and he wants Pro Hoc Vitae status and there is some issue about whether or not he ethically complied with the requirements in Tennessee. I'm the Federal officer, he's not working for me, but I have the obligation to determine whether or not he can practice in Federal court. So, and I believe, I believe in the affidavit, which has not been disputed by Colonel Rieger, he said that he's got an obligation, I didn't talk about his obligations, to supervise him in the State courts. He talked about his obligation to supervise him because he may be deployed. So if, in fact, he's a member of the Tennessee Bar and he committed an ethical violation, wouldn't that be relevant to his responsibility to supervise him federally, so that he was under his supervision as a Federal employee, or his supervision which he had control of. So, and I believe in the affidavit, which has not been disputed by Colonel Rieger, he said that he's got an obligation to supervise him federally, disputed by Colonel Rieger, he's got an obligation as a Federal employee, so that he was a Federal employee. So, and I believe But Colonel Rieger can take that into account in deciding what is his primary determination, whether or not he should be deployed. Because he has, you would say he has no obligation to supervise him with respect to his State conduct, but he still has an obligation to supervise him because he is with the Federal National Guard and he could be deployed. And so if there is any ethical violations, Tennessee or California, he's got to decide. He has to take that into account, just like I would in a pro hoc vichae situation. Well, Your Honor, that would be, I think that confuses his Federal recognition with his employment. His Federal recognition, yes, does state that he has to maintain membership in both the State National Guard and the Federal National Guard of the United States. However, he serves in only one capacity at any time. Well, but why are you saying that Colonel Rieger could not take into account in determining his obligation, whether it is to be deployed, whether or not he's committed ethical violations, State ethical violations? Sure, but if he were to be deployed, then he would be Federalized under Title 10 and removed from his Title 32 duty status. But they'd have to make that determination. Yes, that's right. And they could take into account everything that was brought to their attention, which would be not that he was practicing State court, he was doing something in State court that he made some kind of meritorious mistake, but if he made an ethical mistake, that would be considered by Colonel Rieger, wouldn't it be? It could be considered as far as calling him up into active duty under Title 10. But while he serves under Title 32, neither Colonel Rieger nor any other Federal official would have the power to discipline him or to terminate him or to do any sort of But they could recommend. They could recommend it to the State officials, but it's the State officials that have that power. The Federal officials cannot discipline him or terminate him or promote him. Is there a State statute that relates to the creation of JAG? I was not able to find one. As far as I know, I just see it in the California Manual for Courts Martial. So we've taken up your time. I'll give you a minute for rebuttal afterwards. Good morning, Your Honors. I'm Assistant United States Attorney David Pincus, and it is my privilege to represent Lieutenant Colonel Lawrence Manassian, the California Army National Guard JAG officer in the United States of America as real party in interest. In 2016, California State Bar rejected Major Sterling's complaint. That Lieutenant Colonel Manassian was unlawfully practicing law in the State of California. Disappointed by that result, Major Sterling filed this petition to seize a military law department created by Federal law, particularly National Guard Regulation 27-12. This would be an unprecedented usurpation of a Federal program by a State. Now, on appeal, Major Sterling only challenges the District Court's remand order. At a minimum, though, the United States, as a real party in interest, had an absolute right to a Federal forum for its discipline. In addition, Lieutenant Colonel Manassian had sufficient control and supervision and management by Federal officers that he qualified as a person acting under a Federal officer. And then in what capacity? And you should know Plaintiff's counsel has said that that's not the case because he was acting in great part in the State courts. So what authority did they have? That's not accurate what Mr. Lovato said. Most of what the National Guard TDS employees representing their clients on are administrative and nonjudicial penalties and discipline. Is that in the record? No, but the key document in this case is National Guard Regulation 27-12. It talks about how these, regardless of State licensure, these JAG officers are permitted to represent clients. State court cases and State's courts-martial are not covered. They are subject to the State's regulation. Now, in California, there is no restriction on Lieutenant Colonel Manassian's participation in State's courts-martial. And that's found in the California Manual for Courts-Martial, which specifically provides for detailed information on State's courts-martial. And that's not the case in this case.  Well, it means that the State is not detailing members of a TDS organization. Judge Silva, you asked about what happens if there's an ethical violation. I would refer you to Army Regulation 27-1, which is I think it was amended maybe last year. And it says that a judge who advocates serving as defense counsel will be referred to the chief of the Army Trial Defense Services, the federal officer, who will exercise supervisory judge advocate authority over him. So this is, I mean, this is- But a defense counsel said that they can't certainly disbar him or they can't sanction him. Is that wrong, they can? Well, I don't think any military officer can disbar someone. That's a State function. So you're saying they can- But Missoumi's counsel was saying they can't even sanction him. Your position is they could. It's specifically provided for in Army Regulation 27-1, which is a federal regulation. I think this distinction that they're trying to make as a State officer versus a State employee, rather, which he's not, he's a soldier, and a federal officer, it doesn't really work. This Court has said that this is a hybrid organization. For some purposes, they're federal. For other purposes, they're State. And this particular program, National Guard Regulation 27-12, specifically contemplates that regardless of State licensure, they will participate in these administrative actions, but not in State's courts martial unless the State approves it, which they did here. I think that, as I understand what Plans Counsel was saying, is that he focused on the word control. And that the government or the governor of the State of California controls all of the JAG activities in State court. So he is assuming from that that there can't be any supervision. I think that is what he's saying, but I think it's wrong. The governor doesn't take action on State matters. But is that the word control? I think the words used are supervision, evaluation, management, and direction. The word control is a legal term. I guess that gets us to Section 1442. But I think that there's sufficient control in the sense of supervision, evaluation, management, and direction by Colonel Rieger and higher up federal officers that there shouldn't be any question that Major, I mean, Lieutenant Colonel Manassian was acting under federal officers for purposes of removal. Now, but there's no need for this Court to decide the merits of these federal defenses, because at the removal stage, all the defendant has to do, all the removing party has to do is assert a colorable federal defense. And any doubts as to the propriety of removal under 1442, not the general removal statute of 1441, which is different, but under 1442, any doubts as to the appropriateness of removal should be resolved in favor of removal. You know, and as I was saying... But it's your obligation to establish removal. And it's your burden. Yes, it is. Okay. So then how about we get to the issue about whether or not, certainly Colonel Rieger was a federal officer. How about supervision? He's a supervisor. Whether or not he had the right to supervise, which is... Supervise him. I know it's a hybrid. So tell me what the law is with respect to supervision. National Guard Regulation 27-12, Army Regulation 27-1, all say that he has the supervision of Major, of Lieutenant Colonel Manassian. Okay. Not with respect to courts martial. Okay. Not with respect to his practice in state court. Yes, and he never served in any state civilian court. And he's only detailed to the state court martial. You know, the thing that's so strange to me about this argument that they're making is that the State of California State Bar doesn't have any concern that there's been unlawful practice of law here. The state's manual for courts martial doesn't either. It specifically says, details shall be granted to members of TDS organizations, even if they're not members of the State Bar. In California, you don't even have to be, to be a military judge, you don't even have to be a member of the State Bar. And the state judge advocates all agree there is no conflict between National Guard 27-12 and California law. The only person who thinks that there is a conflict is Dr. Sterling. But in this, buried in a footnote, in his appellate reply brief, I think it's footnote six, he basically admits that he has no standing. Well, we don't get to that until we determine whether or not it was properly removed and it should be remanded. That's correct. So that's where we are here. Well, you know, this is very odd. Is the judge advocate general corps that he's serving in created by the federal statute? It is. It is. But there is this difference between a state judge advocate and a federal judge advocate. Can you explain what that is? Well, I think that federal judge, I think if judge, I'm sorry, I'm not. But is he in the state? He is, but he's in a special branch. He's regional trial defense services. And that's because he's under, he's in this hybrid 32 status? Well, they're all entitled to, if he was in title 10 status, there wouldn't be any question here. The fact that he's in title 32 status is what brings this case on. If I understand the central, one central interest of the federal government is you want to be able to get the National Guard to serve in an emergency under the federal government, right? Yes, but they also do training all over the place. They have flexibility. And this unprecedented idea that you can apply this state statute in the California Business and Professions Code to the military and to the federal program is. And you have to be able to move people around. Absolutely. Unless there's any further questions, I would submit on the arguments that we made in our answering brief and ask that the court affirm all the orders of the district court. Thank you very much. All right. So I quickly would like to address the idea that these, the federal officials cannot discipline the state judge advocates. That is actually covered in both Taylor v. Jones and Association of Civilian Technicians v. Taylor v. Jones. Both found that the federal officials that ensure that the federal regulations are followed by title 32 judge advocates cannot discipline those, or excuse me, service members, title 32 service members, that they cannot discipline those service members. And the court in Taylor v. Jones said that they cannot discipline those state employees. But let's just look at whether or not they can supervise them. And certainly Colonel Rager has some responsibility. If he determined that there was impropriety, he can recommend, he can issue, and in that sense, he has a real vital function, even though he doesn't make the final decision. Yes, Your Honor. It is, in fact, it's the state staff judge advocate, which is the head attorney of the state national guard that would make that determination, has the ultimate power over misdetermination's practice, not Colonel Rager. But they could take into consideration what Colonel Rager has said. They could take it into consideration, but they, Rager, excuse me, they could take Colonel Rager, his recommendation is that he assigns him tasks. Do you deny that that's true? No, Your Honor. So couldn't he stop assigning him tasks if he didn't think he was behaving well?
judges: Schroeder, Friedland, Silver